**Not Recommended for Publication or Citation**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-CV-346-JBC

GEORGE H. EDWARDS, JR.                                            PETITIONER

VS:                  **MEMORANDUM OPINION AND ORDER**

WARDEN STEPHEN DEWALT and
the UNITED STATES PAROLE COMMISSION                RESPONDENTS

\*\*\*\*   \*\*\*\*   \*\*\*\*

George H. Edwards, Jr., who is currently confined in the Federal Medical Center ("FMC"), in Lexington, Kentucky, has submitted a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241.

The petition is before the court for screening.  28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).  As Edwards is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in his petition are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But the court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

NATURE OF CLAIM

Petitioner challenges the United States Parole Commission's [hereinafter "USPC"or

"the Commission"] April 14, 2008, decision on several grounds.

## BACKGROUND

On May 23, 2008, the instant *pro se* petitioner filed his first Section 2241 petition for writ of habeas corpus in this court.[1] In *Edwards v. United States Parole Commission*, Civil Action No. 5:08-236-KSF, Petitioner challenged the USPC's April 14, 2008, decision against him, claimed that an appeal was not required for parole matters to be ripe, and sought an order for release on parole from this court. On June 26, 2008, the court denied the petition and dismissed the case. The court held that Edwards's failure to appeal the Commission's decision to the National Appeals Board prior to filing the habeas lawsuit was grounds for dismissal. The court explained, however, that its dismissal would be without prejudice to his bringing another habeas proceeding upon proper exhaustion of the appeal process.

On August 18, 2008, Petitioner filed the instant action, together with a motion seeking to reinstate the earlier § 2241 action on the ground that he had appealed the parole decision and the 60-day time period for the National Appeals Board decision had passed without a decision, thereby exhausting the appeal process as required.

Meanwhile, the day after the Clerk of Court received the petition, the USPC Appeals Board issued its decision on this matter, dismissing Edwards's appeal, and the petitioner has now submitted a copy of that final decision into the instant record.

## ALLEGATIONS

---

[1] In the interim, Petitioner has also filed a petition for mandamus relief, *Edwards v. United States Parole Commission*, Civil Action No. 5:08-301-KSF. The time is currently running for the Respondent to file a response.

The following is a summary or construction of the petitioner's allegations in the prior action and in this action:

Petitioner states that he was convicted of distributing cocaine on July 26, 1985, and was sentenced to 15 years imprisonment, to be followed by a special parole term ("SPT") of 10 years. According to *Edwards v. United States*, 70 F.3d 1274 (7th Cir. 2005), *cert. denied*, 517 U.S. 1158 (1996), Edwards's conviction was based on his guilty plea and he served six years and two months of his sentence before being released on his first parole. He was later returned to custody for a parole violation (testing positive for drug use) and was scheduled for his next release on December 5, 1997. There is no additional information regarding the petitioner's whereabouts in the 1990's.

Edwards alleges that on February 8, 2000, he completed his term of imprisonment and began the SPT the next day. On July 26, 2001, however, Petitioner violated his parole and was taken into custody again. At that time, he alleges, "the SPT was not converted to a 'regular term of imprisonment,'" as it should have been. On December 7, 2001, he was again released from imprisonment and continued on the SPT. Just before his scheduled release, on December 5, 2001, Petitioner signed two parole certificates agreeing to the parole terms, and he provides copies of them as exhibits A and B. They are identical but for their dates. As to how long parolee Edwards must "remain within the limits of Southern District of Illinois," on Exhibit A, the date is March 1, 2011, while it is March 1, 2007, on Exhibit B.

On February 1, 2007, the USPC issued a warrant for Petitioner's arrest for yet another parole violation, and on December 7, 2007, he was again arrested. A letter from the Commission, dated January 4, 2008, directs its personnel to conduct his revocation

3

hearing within 90 days of his arrest, *i.e.,* by March 7, 2008. According to the Commission's Notice of Action of April 14, 2008, the decision at issue herein, the revocation hearing, actually occurred on March 20, 2008, thirteen (13) days after that deadline.

In the resulting April 14, 2008 decision at issue, the USPC decision was:

Revoke special parole. None of the time spent on special parole shall be credited. Continue to a presumptive re-parole November 21, 2009 after service of 34 months. The total number of months includes the time spent in custody on the non-parolable term.

Record No. 2 at Exhibit. E. As its basis for this decision, the USPC made a "Finding of Fact" that Edwards had violated his parole by using drugs in 2004 and 2006 and by committing a new crime, wire fraud, for which he was convicted on July 6, 2007.

For its "Reasons" for the above-quoted decision, the USPC has provided as follows:

Your special parole violation behavior has been rated as criminal conduct of Category Four severity because it involved Fraud of at least $40,000 but less than $200,000 and administrative violations. Your salient factor score is 3. . . . As of 3/20/2008, you have been in confinement as a result of your violation behavior for a total of 14 months(s). Guidelines established by the Commission indicate a customary range of 33-44 months to be served before release. After review of all relevant factors and information, a departure from the guidelines at this consideration is not warranted.

*Id.*

Another exhibit, present in both the instant case and the earlier habeas proceeding, is a letter from Edwards's Federal Public Defender, who evidently represented him at the USPC hearing. She provides a form for Petitioner's use if he wants to appeal the Commission's decision and sets out 4 procedural issues for appeal which she had raised at the revocation hearing:

. . . (1) The commission lost jurisdiction over you at 5 years when it did not hold the 2.43 hearing and make the findings necessary to continue

4

> supervising you; (2) the commission lost jurisdiction to entertain these particular allegations because it failed to hold your revocation haring within 90 days, as required by law and regulation; (3) a dispositional review should have been held within 180 days of placing the detainer (February), therefore the Commission forfeited its ability to consider these allegations; (4) once revoked your special parole, the Commission could not reimpose special parole, but rather regular parole.  In support of the last issue, I am sending you a packet of case law regarding special parole – read *Doyle* first.

*Id.*

In both of Edwards's petitions in this court, he has challenged the USPC's April 14, 2008, decision with three of the arguments set out by his attorney, specifically (2) - (4), *supra*; and a fourth argument of his own – that the parole certificate with an SPT expiration date of March 1, 2007, created a liberty interest, of which he has been deprived without due process.

The National Appeals Board denied Edwards's appeal of the April 14, 2008, decision in a Notice of Action, which is now in this record.  The Appeals Board affirmed the USPC's decision, for the following reasons:

> In response to your claim that the Commission did not follow correct procedures in deciding your case, the record indicates to the contrary.  The Commission was not divested of jurisdiction as a consequence of not having conducted a five-year termination hearing, nor by delay in your revocation hearing.  The final revocation hearing cured any procedural error arising from not having conducted a dispositional review.
>
> In response to your plea for a more lenient decision, you provide no significant mitigating circumstances sufficient to merit a different decision.
>
> Your claim that your salient factor score is incorrect is not supported by the record.

Record No. 3, Attachment, dated August 19, 2008.

As he did prior to the Appeals Board's decision, Petitioner claims that his current detention is illegal and the Respondent should be ordered to release him immediately and

terminate his SPT.

ORDER

The USPC's decision has now been appealed to exhaustion, as required by 28 C.F.R. § 2.26; *Graham v. Snyder* 68 Fed.Appx. 589, 590 (6th Cir. 2003) *Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir.2001). Further, it appears that the petition may have merit. *See Hall v. Eichenlaub*, 559 F.Supp.2d 777 (6th Cir. 2008); and *Evans v. U.S. Parole Comm'n*, 78 F.3d 262 (7th Cir. 1996). Accordingly, the instant cause of action may proceed in this court for relief pursuant to 28 U.S.C. § 2241, and the court will grant Edwards's motion to supplement as an amendment to the petition, so that the Warden may respond to the entirety of Petitioner's arguments.

Another matter should be preliminarily addressed. For an action brought pursuant to Section 2241, an application for a writ of habeas corpus shall name the person who has custody over the petitioner. 28 U.S.C. § 2242. Likewise, 28 U.S.C. § 2243 provides that the writ or order to show cause is to be directed "to the person having custody of the person detained." The warden of the facility at which the petitioner is currently serving his sentence is the petitioner's custodian within the meaning of 28 U.S.C. §§ 2241-2243 and is the appropriate respondent to a writ of habeas corpus. *Guerra v. Meese*, 786 F.2d 414, 416-417 (D.C. Cir. 1986); *Belliterri v. U.S. Board of Parole*, 541 F.2d 938, 948 (2d Cir. 1976).

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner's motion to reinstate his prior action [Record No. 2] is **DENIED** as moot, as Edwards has paid the filing fee and has submitted the same documents which

were in the prior case.

(2) Petitioner's motion for leave to supplement [Record No. 8] is **CONSTRUED** as a motion to amend the petition and is **GRANTED**.

(3) The only respondent in this action **IS** Stephen Dewalt, and the United States Parole Commission is **STRICKEN** as a respondent.

(4) The Clerk of the Court shall serve by certified mail copies of the petition, this order, and D.E. 8 upon Warden Dewalt, the Attorney General for the United States, and the United States Attorney for the Eastern District of Kentucky.

(5) Respondent, by counsel, shall answer or otherwise defend within thirty (30) days of the date of entry of this Order. Respondent shall also file with his answer all relevant documentary evidence which bears upon the allegations contained in the petition.

(6) Upon entry of a response herein or upon the expiration of said period of time, the Clerk of the Court shall notify the Pro Se Office.

(7) The petitioner shall keep the Clerk of the Court informed of his current mailing address. *Failure to notify the Clerk of any address change may result in dismissal of this case*.

Signed on January 3, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY